■ GERALD SHAVER, Respondent, v. TOWN OF ROTTERDAM, Appellant.— *Per Curiam.* The defendant appeals from a judgment awarding damages to the plaintiff for injuries sustained when he fell while skating on a rink owned and maintained by the defendant town. The plaintiff testified that on February 1, 1959 at about 3:15 P.M. he went to the town rink with his wife and children. The children commenced skating and after approximately one half hour, the

plaintiff joined them, skating around the rink and then proceeding to skate by himself. The weather had been mild for some time and on the day of the accident, the plaintiff described the ice as "ripply", with sand spots, and in an examination before trial he testified that he observed bare spots in the ice. He further testified that "I don't look at the ice when I skate." While skating, as described, he fell and thereafter he looked back and saw some bare spots; that one particular spot near where he fell he described as 1½ by 2 feet; that if while skating he had looked ahead, he could have seen this and the other bare spots. The remaining testimony offered by the witnesses for the plaintiff is of little help, and perhaps on close scrutiny could be said to be against the theory advanced by the plaintiff. There is an absence of proof, alleged in the complaint, that the defendant town had notice of any defective condition in the ice. At the conclusion of the plaintiff's case, the court reserved and when the defendant rested without offering proof, the court continued the reservation on the motion to dismiss. While the answer of the defendant did not set forth the affirmative defense of an assumption of risk, the record indicates that the parties agreed that it need not be pleaded as an affirmative defense. Following the charge, the request by the attorney for the defendant as to assumption of risk was denied but not for procedural reasons. In our opinion, the plaintiff failed to prove actionable negligence against the defendant town. There is a further reason why there should be a reversal and dismissal of the complaint. The doctrine of assumption of risk was applicable to the facts herein and should have been charged by the court when requested by the attorney for the defendant. The plaintiff testified that he knew the ice was "ripply", sanded and had bare spots; that he never looked at the ice when he skated and such conduct, under the circumstances, falls below the standards to which he is required to conform for his own protection. The plaintiff had knowledge of the condition of the rink on that particular day and when he undertook to skate, as testified, he assumed the risk of known and usual dangers inherent in ice skating. (Cf. *Baker* v. *Topping*, 15 A D 2d 193.) The trial court, in denying the motion to set aside the verdict, implied that it sent the case to the jury because the defendant chose not to offer any evidence concerning the method of construction and/or the maintenance of the rink. The complaint alleged that the accident was due, in part, to these factors. The burden of proof was upon the plaintiff. Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.